IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES ALPINE, TDCJ-CID NO. 1422624, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-2445 |
| RICK THALER, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Charles Alpine, a.k.a. Charles Al-Pine, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), who has been cited for his history of filing "abusive and scurrilous"[1] lawsuits, has filed a petition for a writ of habeas corpus. He is well known at the United States Court of Appeals for filing pleadings that are baseless, successive, and abusive. See In re Al-Pine, No. 12-20005 (5th Cir. Feb. 9, 2012) ("Al-Pine is no stranger to this court."); In re Al-Pine, No. 11-20865 (5th Cir. Feb. 9, 2012) ("This court has repeatedly warned Al-Pine that the filing of frivolous, repetitive, or otherwise abusive pleadings in the future would

---

[1] See Alpine v. Krocker, No. H-11-1339 (S.D. Tex. Apr. 13, 2011). Alpine has filed at least six prisoner civil rights complaints that were dismissed as frivolous, and he is barred from filing any new civil complaints without paying the filing fee in advance. Id., citing 28 U.S.C. § 1915(g).

invite sanctions."). Because Alpine has ignored previous warnings, the Fifth Circuit has twice imposed sanctions against him and has repeated warnings against pursuing frivolous appeals. In re Al-Pine, Nos. 12-20005; 11-20865.

The present action, styled as a habeas proceeding, is frivolous and malicious. First, Alpine for at least the third time cites a criminal conviction and forty-five-year sentence for which he is incarcerated. State v. Alpine, No. 1092935 (184th Dist. Harris County, Tex., Feb. 27, 2007). On at least two prior occasions he has attempted to challenge this same conviction. This court dismissed the second petition as successive pursuant to 28 U.S.C. § 2244(b). See Alpine v. Thaler, No. H-11-1402 (S.D. Tex. June 30, 2011). Second, Alpine does not allege that this action concerns a criminal judgment against him. Instead, he complains that he has been subjected to cruel and unusual punishment because his "food tray [is] not full to the top!" and that the warden and assistant wardens have not answered his grievances (Docket Entry No. 1, at 6). He indicates that he filed this action as a habeas petition instead of a civil rights complaint so that he could avoid paying the $350.00 filing fee as required by the Prison Litigation Reform Act. Id. at 7; see 28 U.S.C. § 1915(b).

Alpine's pleading should be treated as a civil rights complaint because it concerns the conditions and not the validity of his confinement. See Patton v. Jefferson Correctional Center,

136 F.3d 458, 463-64 (5th Cir. 1998), citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). As noted at the beginning of this Memorandum Opinion and Order, Alpine has filed at least three prisoner civil rights complaints that were dismissed as frivolous, and absent a showing that he is in imminent danger, he cannot file another civil rights complaint while he is incarcerated unless he pays the entire filing fee in advance. See 28 U.S.C. § 1915(g). Alpine's allegations concerning meal portions and unsatisfactory responses from the prison administration do not imply that he is currently in any danger of imminent serious bodily harm. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Moreover, his complaint is frivolous. Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999) (missing an occasional meal is not an Eighth Amendment violation); see also Green v. Ferrell, 801 F.2d 765, 770-771 (5th Cir. 1986) (two meals each day may be sufficient to feed a prisoner); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner did not have a protected liberty interest in having a grievance against a prison official resolved to his satisfaction). Consequently, the court will dismiss this action as being filed in violation of § 1915(g)'s three strikes bar and will count this dismissal as an additional strike. See Comeaux v. Cockrell, 72 Fed.Appx. 54 (5th Cir. 2003).

In addition, this court has concluded that a monetary sanction should be ordered to deter Alpine from continuing his abuse of the

judicial system. See Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988) ("We do not sit as means by which the system can be punished — or to be punished ourselves — by the pursuit of frivolous or malicious appeals by disgruntled state prisoners."). Therefore, the TDCJ-CID Inmate Trust Fund shall be instructed to withdraw Three Hundred Fifty Dollars ($350.00) from Alpine's Inmate Trust Account. Alpine may not withdraw any funds from the account until the sanction is paid. **Alpine is WARNED that more stringent sanctions, including an order baring him from engaging in future litigation, may be imposed if he persists in filing complaints and petitions that have no basis.**

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED.**

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (treated as a prisoner civil rights complaint) (Docket Entry No. 1), filed by TDCJ-CID Inmate Charles Alpine, TDCJ-CID No. 1422624, is **DISMISSED** because it is frivolous and because it is barred by statute. 28 U.S.C. § 1915(b); 28 U.S.C. § 1915(g).

3. Alpine is **SANCTIONED** for his abuse of the judicial system and shall pay $350.00 to the Clerk of this court.

4. The TDCJ-CID Inmate Trust Fund shall place a hold on Alpine's trust account (No. 1422624) until $350.00 has accumulated in the account. At that time, the Inmate Trust Fund shall forward $350.00 to the Clerk pursuant to this Memorandum Opinion and Order.

5. Alpine is **WARNED** that he may be subject to court orders barring him from filing any pleadings if he continues to file frivolous or malicious complaints or petitions.

6. The Clerk is directed to provide a copy of this Memorandum Opinion and Order dismissing this frivolous action to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 28th day of August, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE